[Civ. No. 2914. First Appellate District, Division Two.—November 13, 1919.]

ANNA E. COMSTOCK, Appellant, v. JOHN F. DAVIS et al., as the Board of Fire Pension Fund Commissioners, etc., Respondents.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO—FIREMEN'S PENSION FUND—EXEMPTION OF EMPLOYEES OF AUXILIARY SYSTEM AND THEIR FAMILIES—CONSTRUCTION OF CHARTER AMENDMENT.—The proviso added to section 5, chapter 7, article IX, of the San Francisco charter by the amendment adopted by the electors on November 15, 1910, and approved by the legislature on February 17, 1911, raising to fifty-five years the age limit of "engineers, mechanics and employees of the auxiliary fire system," and providing further that "employees and appointees in this proviso named shall not be subject to nor derive any benefit from the provisions of chapter 7 of this article relating to firemen's relief fund," is applicable to the families of employees and appointees in the auxiliary fire system, as well as to the employees and appointees themselves.

[2] ID.—CONSTRUCTION OF CHARTER.—If a charter is subject to two constructions, one which would make it valid and one which would render it unconstitutional, the former construction should be adopted.

[3] ID.—APPROVAL OF CHARTERS AND AMENDMENTS—STATEMENT OF SUBJECT IN TITLE OF RESOLUTION.—Municipal charters and amendments adopted pursuant to the provisions of section 8, article XI, of the constitution may be approved by concurrent resolution of the legislature, without reference to the provisions of section 24 of article IV of the constitution that every act shall embrace but one subject, which subject shall be expressed in its title.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry G. McKannay and McKannay & Hunt for Appellant.

George Lull, City Attorney, and Chas. S. Peery, Assistant City Attorney, for Respondents.

NOURSE, J.—Appellant is the widow of a member of the San Francisco fire department who died as the result of an injury received while on duty as chief engineer of a pumping station of the auxiliary fire system of the department. Respondents, as commissioners of the fire pension fund of that department, denied her application for a pension on the ground that provisions of the San Francisco charter relating to pensions did not apply to members employed in the auxiliary fire system. The trial court sustained the action of the commissioners and gave judgment against the petitioner, from which this appeal is taken.

Appellant urges two grounds for reversal: (1) That the family of any member of the fire department who is killed in the performance of his duty is entitled to a pension; and (2) that the charter amendment of 1910 is unconstitutional because the title to the senate concurrent resolution by which the amendment received legislative approval did not express the subject matter of the amendment.

[1] (1) Section 5, chapter 7, article IX, of the San Francisco charter, provides in part as follows: "The commissioners shall, out of the firemen's relief fund, provide as follows for the family of any officer, member or employee of the fire department who may be killed or injured while in the performance of his duty." Section 6 of chapter 1 of the same article provides that "all persons appointed to positions in the department must at the time of their appointment be citizens of the United States, not less than twenty-one nor more than thirty-five years of age." By an amendment adopted by the electors of San Francisco on November 15, 1910, and approved by the legislature on Feb-

ruary 17, 1911, a proviso was added to this section raising
to fifty-five years the age limit of ''engineers, mechanics
and employees of the auxiliary fire system.'' A further pro-
viso was added at the same time reading that ''employees
and appointees in this proviso named shall not be subject
to nor derive any benefit from the provisions of chapter
7 of this article relating to firemen's relief fund.''

It is argued that as the proviso merely excepts employees
and appointees, it does not relate to their families, and hence
the provisions of section 5, chapter 7, article IX, granting
a pension to the family of any employee of the department
killed while in the performance of his duty, apply to the
families of those employed in the auxuliary fire system as
well.

In answer respondents urge that the purpose of the
amendment was to permit the employment of men of ad-
vanced age in the auxiliary fire system, and that by reason
thereof the entire auxiliary system was removed from the
provisions of the charter relating to the pension fund, and
that this was done irrespective of the age at which the
person was employed.

There can be little doubt that this was the purpose and
effect of the amendment. The pension is an award or
bounty made to the employee by way of compensation for
services he renders the municipality. In the event of his
death resulting from injuries received in the performance
of his duty, the pension may properly go to his family.
But a mere gift to his family where no obligation exists
is prohibited by section 31, article IV, of the state consti-
tution. The right to the pension becomes vested by reason
of the employment. If there is no obligation there can
be no legal right to the pension. (*Taylor* v. *Mott*, 123 Cal.
497, [56 Pac. 256].) Certainly a husband and father is
benefited by an obligation on the part of the government to
care for his family after his death. Hence, if a person is
denied the benefits of the pension provisions of the charter,
an award to his family is a mere gift. The deceased ac-
cepted his employment with the city after the approval of
the amendment of 1911 and must be deemed bound by its
terms. If the charter is subject to two constructions, one
which would make it valid and one which would render it
unconstitutional, the former construction should be adopted.

Applying that rule here, the proper interpretation of the charter amendment is, that the provision that all employees and appointees in the auxiliary fire system are denied the benefits of the pension provisions of the charter is applicable to their families as well as to themselves.

[2]   (2) Appellant urges that this charter amendment is unconstitutional because the title to the senate concurrent resolution by which it received legislative approval does not contain a statement of the subject matter of the charter amendment, and that this is in violation of section 24, article IV, of the constitution.   This resolution is given the following title: "Senate Concurrent Resolution No. 9, approving eighteen certain amendments to the charter of the city and county of San Francisco, State of California, voted for and ratified by the electors of said city and county of San Francisco at a special municipal election held therein on the fifteenth day of November, 1910." (Stats. 1911, p. 1661.) Section 24 of article IV of the constitution reads as follows: "Every act shall embrace but one subject, which subject shall be expressed in its title."

[3]   The method for the adoption and approval of amendments to the municipal charters is found in section 8, article XI, of the constitution.   Therein it is provided that such amendments when ratified by the electors shall be submitted to the legislature to be approved or rejected in the same manner provided in that section for the approval or rejection of a charter.   The manner thus prescribed is: "The legislature shall by concurrent resolution approve or reject such charter as a whole, without power of alteration or amendment; and if approved by a majority of the members elected to each house it shall become the organic law of such city." Section 24 of article IV is a general section relating to the laws or acts of the law-making body of the state.   Section 8 of article XI is a special section providing for the manner and method of adopting municipal charters.   There is a well-recognized distinction between a concurrent resolution of the legislature and an act which becomes a law of the state.   Section 8 of article XI specifically provides that its approval shall be evidenced by concurrent resolution approved by a majority of the members elected to each house.   A legislative act must be presented to the Governor for his approval or rejection.   This distinction has been recognized by the

legislature for many years past, during which time the charters of the various municipalities, together with the amendments, have been approved in the manner complained of in this proceeding.   There is thus a contemporaneous legislative construction to the effect that these charters and amendments may be approved by concurrent resolution, without reference to the provisions of section 24 of article IV.   Practice and acquiescence in this construction for more than twenty years have resulted in the acquisition of large property interests and the determination of personal rights and obligations.   Such practice and acquiescence have fixed the construction which should not be disturbed at this late day.   (*Stuart* v. *Laird,* 1 Cranch, 299, [2 L. Ed. 115, see, also, Rose's U. S. Notes] ; *Railroad Com.* v. *Market St. Ry. Co.,* 132 Cal. 677, 680, [64 Pac. 1065].)

In addition to this it might be said that if appellant's position were tenable, she would have no rights to assert, because the original charter, which was adopted in 1899, and the amendments to section 5, upon which she bases her right of action, would fall in the same way.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.