[S. F. No. 10798.  In Bank.—September 21, 1923.]

EDWIN T. KEISER, Real Estate Commissioner of the State of California, Petitioner, v. STATE BOARD OF CONTROL OF THE STATE OF CALIFORNIA et al., Respondents.

[1] REAL ESTATE BROKERS' ACT—SPECIAL FUND—BUDGET AMENDMENT —CONSTRUCTION.—The amendment to section 34 of article IV of the constitution, known as the "budget amendment," did not work a repeal of the Real Estate Brokers' Act of 1919, in so far as the same relates to the creation of a special fund in the state treasury known as the "Real Estate Commissioner's Fund," from which the lawful expenditures of the real estate commissioner shall be paid, and such fund is still in full force and effect.

192 Cal.—9

APPLICATION for a Writ of Mandate requiring the State Board of Control to approve a claim for rent for the Real Estate Commissioner. Writ granted.

The facts are stated in the opinion of the court.

Frank B. Austin and William F. McLaughlin for Petitioner.

Garret W. McEnerney and Andrew F. Burke for Respondents.

RICHARDS, J., *pro tem.*—The petitioner herein applies for a writ of mandate to compel the respondents herein, as members of and constituting the state board of control, to allow and approve a certain claim presented by him for the sum of $287.35, the same being for the rental of certain premises in the city of Sacramento leased and maintained by said petitioner as real estate commissioner of the state of California. The basis of the petitioner's said claim is to be found in the act of the legislature approved May 27, 1919, entitled "An Act to define real estate brokers and salesmen; to provide for regulation, supervision and licensing thereof; to create a state real estate department and the office of real estate commissioner, etc." Section 4 of said act provides that (4) "the real estate commissioner shall have his principal office in the city of Sacramento, and may establish branch offices in the city and county of San Francisco, and in the city of Los Angeles, and he shall from time to time obtain the necessary furniture, stationery, fuel, light and other proper conveniences for the transactions of business, and the expenses of which shall be paid out of the state treasury on the certificate of the real estate commissioner and the warrant of the controller." Section 5 of said act provides that "all fees charged and collected under this act shall be paid by the real estate commissioner . . . into the treasury of the state to the credit of a fund to be known as the 'Real Estate Commissioner's Fund,' which fund is hereby created." It further provides that "all moneys which shall be paid into the state

treasury and credited to the 'real estate commissioner's fund' are hereby appropriated to be used by the commissioner in carrying out the provisions of this act, including the payment of the salaries of the commissioner and his deputies, clerks and assistants." It further provides that "all of the expenditures of said commissioner including his salary shall be paid only from the real estate commissioner's fund."

The petitioner herein alleges that on or about the seventeenth day of July, 1923, he presented his claim in proper form to the board of control for said sum of $287.35 for the rental of his said offices, with the request that the same be audited, allowed, and approved by the said board of control, but that the said board of control rejected and disallowed his claim for the reason, as stated by it in a letter to this petitioner, "that it is not drawn against any appropriation in accordance with section 34, article IV of the constitution," wherefore he has applied for this writ requiring the respondents to audit, allow, and approve his said claim. [1] The respondents herein have filed a general demurrer to said petition and evidently intend thereby to rely upon the contention foreshadowed by their said letter to the petitioner herein that the amendment to section 34, article IV, of the state constitution, known as the "budget amendment," has worked a repeal of the statute of 1919 above referred to in so far as the same relates to the creation of a special fund in the state treasury to be known as the "real estate commissioner's fund," from which the lawful expenditures of the real estate commissioner should be paid, and that the effect of said amendment to the constitution has been the abolishment of said fund. That there is no merit in this contention may be seen by reference to the decision of this court in the matter of *Railroad Com.* v. *Riley, ante,* p. 54 [218 Pac. 415], wherein it has been held that the constitutional amendment above referred to does not operate, either expressly or by necessary implication, to repeal previous statutes which provide for certain appropriations or collections for various public purposes and designating specific funds in the state treasury to which such appropriations or collections shall be assigned and out of which moneys should be drawn to meet and

satisfy the purposes for which such appropriations or collections had been made as defined in the statutes creating the same. By reference to the budget bill approved May 7, 1923, adopted by the state legislature pursuant to the provisions of said budget amendment (Stats. 1923, c. 121), it will be seen that instead of repealing or attempting to repeal the provisions of the statute of 1919, above referred to, the said budget bill expressly provides that said statute shall remain in full force and effect by virtue of the item therein providing for salaries and support of the state real estate department reading as follows: "For salaries and support of the state real estate department such sum or sums as are provided in chapter six hundred five statutes of nineteen nineteen and the amendments thereto, such amounts to be paid from the real estate commissioner's fund created thereby." It follows necessarily from said decision and from the language of the statute of 1923, above quoted, that the petitioner herein is entitled to have the relief prayed for in his petition. Let the writ issue accordingly.

Lennon, J., Waste, J., Kerrigan, J., Seawell, J., Lawlor, J., and Wilbur, C. J., concurred.