[L. A. No. 7825. In Bank.—September 21, 1923.]

ANNA C. JAMME, Petitioner, v. RAY L. RILEY, Controller of the State of California, Respondent.

[1] DEPARTMENT OF EXAMINATION AND CERTIFICATION OF NURSES — SPECIAL FUNDS — BUDGET AMENDMENT—BUDGET BILL—CONSTRUCTION.—Neither the adoption of the constitutional amendment known as the "budget amendment," nor the "budget bill," passed pursuant thereto, nor any of the acts of the Governor taken in accordance therewith, had the effect of either expressly or by implication repealing the statute of 1921, entitled "An Act to amend sections one, two, four, six and eleven of an act entitled 'An Act to Promote the better Education of Nurses, etc.'"; and the director of the department of examination and certification of

nurses is entitled to have the state controller draw his warrant
for her salary and necessary traveling expenses upon the special
fund created by said act.

APPLICATION for a Writ of Mandate requiring the
State Controller to draw his warrant in payment of salary
as Director of Department of Examinations and Certification
of Nurses.

The facts are stated in the opinion of the court.

Albert A. Rosenshine and J. H. Hoffman for Petitioner.

H. C. Lucas, James L. Atteridge and Dion R. Holm for
Respondent.

Allen G. Wright, *Amicus Curiae.*

RICHARDS, J., *pro tem.*—The petitioner herein applies
for the issuance of a writ of mandate directing the respond-
ent, as state controller, to draw his warrant upon the state
treasury for the payment to the petitioner of the sum of
$250, the same being her salary as director of the depart-
ment of examination and certification of nurses, a department
position and salary created under and by virtue of the act
of the legislature approved May 31, 1921, entitled "An
Act to Amend sections one, two, four, six and eleven of an
act entitled 'An Act to Promote the better Education of
Nurses, etc.'" The petitioner also seeks said writ to compel
said respondent to draw a warrant on the state treasury for
the payment of a certain claim of the petitioner for the sum
of $6.96, covering her traveling expenses incurred in the per-
formance of her duty as prescribed in said act. The re-
spondent has filed an answer to said application admitting
the averments of fact set forth therein but averring that his
refusal to draw said warrant is based upon the adoption by
the people of the state of California of the so-called budget
amendment to the state constitution, and upon the action of
the Governor of the state, in conformity therewith, in sub-
mitting to the legislature of 1923 his "budget recommenda-
tions and estimated revenues"; and upon the action of the
state legislature taken thereafter in the adoption of the so-
called "budget-bill"; and upon the action of the Governor of
the state in the approval of said act, by reason whereof the

respondent avers that being without information or knowledge as to the legal effect of these several legislative and executive acts upon the funds or appropriations in the state treasury upon which these warrants are sought to be drawn, he has refused to comply with the petitioner's demand for such warrants. The respondent, by reference, makes a part of his answer the provisions of these documents in so far as they purport to deal with the matter of the appropriation for the expenditures of the state board of health; and it appears therefrom that in the budget recommendations submitted by the Governor to the state legislature there is included an item of $3,000 for the salary of director of registration of nurses, but we find no recommendation therein as to the traveling expenses of said director. In the budget bill accompanying said document appears the general item "for salaries of employees state board of health $360,663.42" and also the general item "for support state board of health $308,536.58."

The facts upon which the application for this writ is based are these: The petitioner is the duly appointed, qualified, and acting director of the department of examination and certification of graduate nurses, holding her position as such under appointment by the state board of health acting in accordance with the provisions of the act of 1921 above referred to, and with her salary fixed at the sum of $250 per month by said board, pursuant to the terms of said act. The statute further provides, in section 11 thereof, as follows:

"Within ten days after the beginning of each month the secretary of the state board of health shall report to the controller the amount and source of all collections made under the provisions of this act, and at the same time all such amounts shall be paid into the state treasury and shall be placed to the credit of the special fund to be known as the fund for examination and registration of nurses; provided, that whenever and as often as there is in the state treasury to the credit of the fund for the examination and registration of nurses, funds in excess of ten thousand dollars the same to be invested by the state board of control in the same manner that the funds of the state school land fund are invested and the interest upon such investment when collected shall be placed to the credit of the fund for the examination and registration of nurses. All amounts paid into this fund shall be held subject to the order of the state board of health,

to be used only for the purpose of meeting necessary expenses in the performance of the purposes of and the duties imposed by this act. Claims against the fund shall be audited by the state board of health and by the board of control and shall be paid by the state treasurer upon warrants drawn by the state controller.''

The sources from which the revenues are derived which are thus to be placed to the credit of the fund in the state treasury to be known as ''the fund for examination and registration of nurses'' are two: (1) an examination fee of $15 charged each applicant for a certificate as registered nurses; (2) a renewal fee of $1 per annum charged to registered nurses. It is averred and admitted that there is in the state treasury to the credit of said fund ample money for the payment of said warrants, the drawing of which is sought to be compelled by this proceeding.

[1] The only question necessary to a decision of this matter is that raised by the answer of respondent herein as to whether the adoption of the constitutional amendment known as the ''budget amendment'' or the subsequent action of the Governor taken in accordance therewith in submitting to the state legislature his budget recommendations and in presenting to that body an appropriation bill based thereon, and known as the ''budget bill,'' and the action of the state legislature in the enactment into a law of said budget bill, or any or all of said acts, have had the effect of so far, expressly or by implication, repealing the said statute of 1921 as to abolish the special fund provided for therein and entitled as above stated, so as to prevent the further drawing of warrants by the state controller upon such fund. This precise question has been determined adversely to the respondent's contention herein by this court in its recent decision in the case of *Railroad Com.* v. *Riley, ante,* p. 54 [218 Pac. 415], wherein it was decided that neither the constitutional provision nor said budget amendment (Const., art. IV, sec. 34), nor the provisions of the budget bill (Stats. 1923, c. 121), operated expressly or by necessary implication to repeal previous statutes directing the collection of revenue and specifying the fund into which such revenue was to be paid, nor to provide that the revenue so collected should be transferred to the general fund of the state treasury. The reasoning and conclusions of that decision have exact application

to the instant case, and it follows therefrom that the provisions of the act of 1921 relating to the salary of the petitioner herein and also to her traveling expenses, when engaged in performing the duties of her position, are still in full force and effect and that the salary and traveling expenses of the petitioner herein are still payable out of the special fund in the state treasury collected and set apart for such purposes under said act, and that claims therefor, when duly approved by the state board of health, shall be audited by the board of control and shall be paid by the state treasurer upon warrants drawn by the state controller out of said fund, provided such claims are within the limit of the appropriation providing for such expenditures as contained in the budget bill. Such, we think, is the effect of our decision in the case of *Railroad Com.* v. *Riley, supra,* and it is therefore ordered that a writ issue directing the respondent herein as state controller to draw his warrants upon the treasurer in favor of the petitioner for the several amounts set forth in her petition and payable out of the special fund in the state treasury provided by the act of 1921, as applicable to the payment of such claims.

Lawlor, J., Wilbur, C. J., Lennon, J., Waste, J., Kerrigan, J., and Seawell, J., concurred.