[S. F. No. 10793. In Bank.—September 21, 1923.]

WESTERN SHORE LUMBER COMPANY (a Corporation), Petitioner, v. RAY L. RILEY, as Controller of the State of California, Respondent.

[1] PARKS — APPROPRIATIONS FOR — BUDGET CONSTITUTIONAL AMENDMENT—BUDGET BILL—CONSTRUCTION.—Neither the adoption of the "budget amendment" to section 34 of article IV of the constitution nor the "budget bill," passed pursuant thereto (Stats. 1923, c. 121), operated either expressly or by necessary implication to repeal the statute of 1917, providing for the enlargement of the California Redwood Park, but, on the contrary, the "budget bill" expressly retained the provisions of said act relating to appropriations for such purpose.

APPLICATION for Writ of Mandate requiring the State Controller to draw his warrant for purchase land for State Park. Writ granted.

The facts are stated in the opinion of the court.

McCutchen, Olney, Mannon & Greene for Petitioner.

H. C. Lucas, James L. Atteridge and Dion R. Holm for Respondent.

RICHARDS, J., *pro tem.*—The petitioner herein applies for a writ of mandate to compel the respondent as state controller to draw his warrant upon the state treasurer for $3,840 in payment of the petitioner's claim for said sum arising out of the purchase by the state of California, through the California Redwood Park Commission, of a certain tract of land, pursuant to the provisions of an act of the legislature approved May 28, 1917, entitled "An Act providing for the enlargement of the California Redwood Park," making an appropriation for the purchase of additional land therefor, and granting power to the California Redwood Park Commission to purchase the same. The petitioner avers and the respondent admits that, acting under the authority of said act and in conformity with the terms thereof, the California Redwood Park Commission on August 23, 1920, contracted to purchase from the petitioner herein certain lands for the purchase price of $38,400, payable in certain installments as set forth in said agreement of purchase, payable out of the appropriation provided for such purpose in said act, and that pursuant thereto the petitioner herein conveyed to the state of California said lands. That one of said installments, amounting to the sum of $3,840, became due and payable on July 1, 1923, whereupon the petitioner duly presented its demand in writing to the respondent herein as state controller that he issue and deliver to petitioner the warrant for said sum of $3,840, drawn upon the state treasurer in payment of said installment upon the purchase price of said property pursuant to said contract of purchase and to the terms of the said act of 1917, but that the respondent as such state controller has neglected and refused to issue said warrant for said sum or any portion thereof and the same remains and is still due, payable, and unpaid, notwithstanding the fact that there has been and still is in the state treasury an unexhausted portion of said appropriation amply sufficient to meet the payment of said sum had such warrant been drawn. The answer of the respondent, while admitting the facts regarding the adoption of said act of the legislature and the making of said agreement for the purchase of said lands pursuant thereto and the conveyance thereof to the state of California by the petitioner and of the due presentation of the claim and demand of the petitioner for issuance of said warrant for the installment due and payable on

July 1, 1923, pursuant to the purchase and conveyance of said lands, denies the existence of the specific appropriation referred to by the petitioner as the existing fund from which the petitioner's said claim should be paid or upon which said warrant should be drawn; and in support of said denial sets forth the fact of the adoption by the electors of the state of California at the general election of 1922 of the amendment to section 34 of article IV of the constitution of the state of California known as the "budget amendment"; and the further fact that pursuant thereto the Governor of California submitted to the state legislature thereof on or about February 1, 1923, a certain document entitled "Budget Recommendations and estimated Revenues" (accompanying said document was the form of a budget bill covering the matters therein contained and recommended); and that thereafter and on or about May 7, 1923, the state legislature adopted an act known as the "budget bill" making certain appropriations for the support of the government of the state of California in accordance with the terms and requirements of said budget amendment; and that thereafter the Governor submitted to the state legislature a certain document entitled "Executive Message regarding Appropriation Bill," wherein he approved or disapproved certain portions of said budget bill. Copies of these various documents are made by reference a part of the respondent's answer herein. In the budget bill as finally adopted by the legislature appears the following item: "For purchase of land California Redwood Park such sum or sums as are provided in chapter six hundred ninety statutes of nineteen seventeen." (Stats. 1917, p. 1281.) The Governor in his executive message, filed May 7, 1923, approving and disapproving certain items of the budget bill, objected to the foregoing item therein "for the reason that this appropriation is provided for by existing statute and is also authorized by the provisions of section 1 of this bill." The provision in section 1 of said budget bill to which the Governor thus referred reads as follows: "Appropriations for purposes not otherwise provided for herein which have been heretofore made by any provision of the constitution or of any existing statute shall not be affected by this act but shall continue to be governed by the constitutional or statutory provisions applicable thereto." [1] As to the effect generally of the adoption of the budget amendment to the constitution and of the enactment by the legisla-

ture of the budget bill (Stats. 1923, c. 121) pursuant to its provisions, this court has recently decided that neither said constitutional amendment nor said budget bill operated either expressly or by necessary implication to repeal previous statutes making specific appropriations for various public purposes and designating specific funds in the state treasury to which such appropriations should be transferred and out of which the moneys thereof should be drawn to meet and satisfy the purposes for which such appropriation had been made.  (*Railroad Com.* v. *Riley, ante,* p. 54 [218 Pac. 415].)   Aside, however, from that conclusion, but in entire harmony with its effect, it appears that the state legislature in the aforesaid budget bill not only did not attempt nor intend to work a repeal of the act of 1917 above referred to, but, on the other hand, expressly retained the provisions of said act relating to the appropriation for the purchase of lands increasing the area of California Redwood Park in full force and effect as appears from the foregoing excerpt from said budget bill.   It further appears that the Governor, in disapproving the special item in the budget bill above referred to, correctly interpreted the provision in section 1 of said budget bill above quoted, as continuing in force the provisions of the act of 1917 providing for the aforesaid appropriation.

Lennon, J., Waste, J., Kerrigan, J., Seawell, J., Lawlor, J., and Wilbur, C. J., concurred.