[S. F. No. 10946.   In Bank.—June 10, 1924.]

RAY L. RILEY, as Controller, etc., Petitioner, v. AN-
DREW THOMPSON et al., as Commissioners, etc.,
Respondents.

[1] STATE BOARD OF PILOT COMMISSIONERS—CHARACTER OF MONEYS
CHARGED AND COLLECTED BY LICENSED PILOTS.—Money charged and
collected by licensed pilots from owners of vessels in accordance
with rates provided by statute may not be said to be "moneys
belonging to the state" when in the hands of the pilots; they are
in the nature of fees or compensation for services rendered, the
same as is charged and collected by other officers, such as port
wardens, notaries public, and commissioners of deeds.

[2] ID.—PAYMENT BY PILOTS TO BOARD—MONEYS RECEIVED BY BOARD
NOT "MONEYS BELONGING TO STATE" AS CONTEMPLATED BY ACT
OF 1905 (STATS. 1905, P. 382).—The payment by pilots of five per
cent of their fees or pilotage to the State Board of Pilot Com-
missioners as required by section 2460 of the Political Code for
the purpose of paying the salaries of employees of the board, the
incidental expenses of the board, and as compensation to members
of the board for official services rendered, does not convert the
moneys so paid to the board into "moneys belonging to the state"
as contemplated by section 1 of the act of 1905 (Stats. 1905, p.
382), which provides that "All moneys belonging to the state re-
ceived from any source whatever by any officer, commission or
commissioners, board of trustees, board of managers or board of
directors, shall be accounted for at the close of each month to the
state controller in such form as the controller may prescribe, and
at the same time, on the order of the controller, be paid into the
state treasury."

[3] ID.—STATUTORY CONSTRUCTION—CONTEMPORANEOUS CONSTRUCTION
BY EXECUTIVE OFFICERS.—A contemporaneous construction of the
statute relating to the duties and powers of the State Board of
Pilot Commissioners and of the act of 1905 (Stats. 1905, p. 382)
by executive officers of the state extending over a long period of
years is entitled to consideration in interpreting such statutes.

[4] ID.—SECTION 2460, POLITICAL CODE—BUDGET BILL—REPEALS.—
Section 2460 of the Political Code, which requires pilots to ac-
count to the State Board of Pilot Commissioners for all moneys
received by them and to pay five per cent thereof to said board
for the purpose of paying the salaries of employees of the board,
the incidental expenses of the board, and as compensation to mem-
bers of the board for official services rendered, was not, either
expressly or by necessary implication, repealed by the budget bill

of 1923, which contains an appropriation for support of the State Board of Pilot Commissioners and for salaries of its employees, and which declares that "In all cases in which statutory provisions or appropriations have been made for items of salary or of support included in this act the amount herein appropriated shall govern, and such other appropriations shall not be deemed in addition thereto."

[5] ID.—SECTION 2460, POLITICAL CODE—CONSTRUCTION OF.—Section 2460 of the Political Code is not a measure appropriating funds in the state treasury not otherwise appropriated, nor does it create a special fund in the state treasury applicable to the purposes therein contemplated; it does, however, constitute statutory authority for the collection and disbursement of funds over which the legislature has control. By its authority the Board of Pilot Commissioners receives the money direct from the pilots and disburses the same in paying the salaries of the secretary and treasurer of the board, in defraying the necessary expenses of the board and as compensation to the members of the board for official services rendered, and is in effect a "statutory provision" for items of salary and support as contemplated by section 1 of the budget bill.           :

[6] ID.—APPROPRIATION BY BUDGET BILL FOR BOARD—COMPENSATION FOR MEMBERS OF BOARD—INTENT—LEGISLATURE.—The sole items mentioned in the budget bill in connection with the State Board of Pilot Commissioners being for "salaries of employees" of the board, and for "support," it cannot be assumed that the legislature intended to deny compensation to the members of said board as provided for in section 2460 of the Political Code.

[7] ID.—BUDGET BILL—CONSTRUCTION.—It is clear from an inspection of the budget bill not only that appropriations in the strict sense under existing statutes, but also that moneys collected under existing statutes should be disbursed under the provisions of those statutes when not otherwise effectively provided for in the budget bill.

[8] ID.—CONTINUED OPERATION OF BOARD UNDER SECTION 2460, POLITICAL CODE.—Inasmuch as the attempted appropriation made in the budget bill for the State Board of Pilot Commissioners is ineffectual to cover the items provided for in section 2460 of the Political Code, and as said section has not been repealed, the said board should continue to operate under said section 2460 of the Political Code until otherwise provided by the legislature.

PROCEEDING in Mandamus to compel State Board of Pilot Commissioners to account for and pay into state treasury moneys received by said board. Writ denied.

The facts are stated in the opinion of the court.

Ralph W. Smith, Wesley E. Marten and Louis B. Diavila for Petitioner.

Pillsbury, Madison & Sutro, F. D. Madison and M. D. L. Fuller for Respondents.

SHENK, J.—The petitioner seeks a writ of mandate to compel the respondents as members of and constituting the Board of Pilot Commissioners for the ports of San Francisco, Mare Island, and Benicia to account to him as controller of the state of California for and to pay into the state treasury all moneys received by the respondents pursuant to section 2460 of the Political Code during the months of September, October, and November, 1923.

The respondent board was created by an act of the legislature approved March 22, 1870 (Stats. 1869–70, p. 344). In 1872 this act in all its essential respects was codified and is found in sections 2429–2470 of the Political Code. Section 12 of the act was substantially re-enacted in section 2460 of the Political Code, the pertinent part of which is as follows: "Every pilot of the harbor of San Francisco, Mare Island, Vallejo, and Benicia must, once in each month, upon blanks to be furnished to them by the board of pilot commissioners, render a verified account to the board of all moneys received by him, or by any other person for him, or on his account, and pay five per cent thereof to the board, in full compensation for its official services, for the services of its secretary and treasurer, and all incidental expenses. . . . " This section was amended in 1899 (Stats. 1899, p. 6), but in no way affecting this controversy. For nearly fifty-three years the respondent board has received these moneys from pilots in accordance with the provisions of said statute and has disbursed the funds so received for expenses and for compensation to the members of the board for official services rendered.

After the adoption of the budget amendment (art. IV. sec. 34, Const.) and the enactment of the budget bill (Stats. 1923, p. 242), the petitioner made demand on the respondents to render an account to petitioner of the moneys received from pilots as provided in said section 2460 of the

Political Code. The petitioner bases his right to such accounting on section 1 of an act approved March 17, 1899 (Stats. 1899, p. 110), as amended on March 20, 1905 (Stats. 1905, p. 382), and on June 14, 1906 (Stats. 1906, p. 43), on the budget amendment to the constitution and on certain provisions of the budget bill.

Section 1 of the act of March 17, 1899, required an accounting to the state controller and payment into the state treasury of "all moneys belonging to the state" received by the board of trustees, board of managers, board of directors or executive officer in charge of any "state hospital, asylum, prison, school or harbor." The amendment of March 20, 1905, assumed to make the requirement general in its application as follows: "All moneys belonging to the state received from any source whatever by any officer, commission or commissioners, board of trustees, board of managers or board of directors, shall be accounted for at the close of each month to the state controller, in such form as the controller may prescribe, and at the same time, on the order of the controller, be paid into the state treasury." The amendment of June 14, 1906, did not change the wording of the section in the quoted portion nor in any other respect involving the question here under consideration.

It is contended by the petitioner that the moneys received by the respondents pursuant to said section 2460 are "moneys belonging to the state," as contemplated by the act of 1905. This contention is advanced upon the theory, as stated by counsel for petitioner, that the State Board of Pilot Commissioners is a state agency; that the power to collect pilot fees is only by reason of governmental authority, and that when a board or commission is created by legislative action and is empowered by the law-making power of the state to charge and collect fees or commissions, the moneys collected are a part of the state revenues and funds belonging to the state and "can only be diverted by a specific appropriation by the legislature."

The members of the Board of Pilot Commissioners are officers of the state (sec. 368, Pol. Code). The board is authorized to license pilots (sec. 2457, Pol. Code). When so licensed, pilots are authorized to charge and collect fees from owners of vessels in accordance with rates provided by the statute (secs. 2465, 2466, Pol. Code). [1] Money so

charged and collected by pilots may not be said to be "moneys belonging to the state" when in the hands of the pilots. They are in the nature of fees or compensation for services rendered, the same as is charged and collected by other officers, such as port wardens (sec. 2510, Pol. Code), notaries public (sec. 798, Pol. Code), and commissioners of deeds (sec. 815, Pol. Code). Pilots are required by said section 2460 of the Political Code to account to the respondents for all moneys received by them and to pay five per cent thereof to the respondents for the purpose of paying the salaries of employees of the board, the incidental expenses of the board, and as compensation to members of the board for official services rendered. . [2] Does this payment by the pilots of five per cent of their fees or pilotage for the purposes specified in said section 2460 convert the moneys so paid to the respondents into "moneys belonging the state" as contemplated by section 1 of the act of 1905? We cannot conclude that it does. Such moneys may be public funds in the sense that they are acquired by the respondents under legislative authority and may be disbursed only for the uses and purposes specified in said section 2460, but they do not constitute moneys an account of which must be made to the petitioner and which must be paid into the state treasury as required by the act of 1905. The evident purpose of section 2460 was to make the respondent board self-supporting. If the board may not disburse the funds so received under said section 2460 it is difficult to see how it could function as an agency of the state. We find no legislative authority for the payment of compensation to the members of the board or salaries for the employees of the board or incidental expenses of the board from the state treasury, unless, of course, as petitioner contends, the budget amendment or the budget bill constitutes such authority.

Petitioner has cited no authorities in support of his contention that the moneys so paid by pilots to respondents under the circumstances here shown are "moneys belonging to the state," and apparently there are none in this state. On the other hand, respondents have cited many cases in other jurisdictions which lend support to their contention that moneys received and disbursed under similar circumstances do not constitute "moneys belonging to the state"

(*Ex parte Lucas,* 160 Mo. 218 [61 S. W. 215]; *State* v. *Clausen,* 51 Wash. 548 [99 Pac. 743]; *People* v. *Murray,* 149 N. Y. 367 [32 L. R. A. 344, 44 N. E. 146]). These cases were cited and discussed in *Riley* v. *Forbes, ante,* p. 740, [227 Pac. 768], and need not be further commented upon.

[3] The respondent board has continued to collect from pilots the percentage of pilotage provided for in section 2460 of the Political Code and prior enactments for nearly fifty-three years. The act of March 20, 1905, was in effect more than eighteen years before the state controller made his demand upon the Board of Pilot Commissioners for an accounting. We therefore have, a contemporaneous construction of the statutes here under consideration by executive officers of the state extending over a long period of years which is entitled to consideration. As was said in *United States* v. *Philbrick,* 120 U. S. 52, 59 [30 L. Ed. 559, 7 Sup. Ct. Rep. 413, see, also, Rose's U. S. Notes]: "A contemporaneous construction by the officers upon whom was imposed the duty of executing those statutes is entitled to great weight; and since it is not clear that that construction was erroneous, it ought not now to be overturned." (*Railroad Commrs.* v. *Market Street Ry. Co.,* 132 Cal. 677 [64 Pac. 1065]; *Comstock* v. *Davis,* 44 Cal. App. 275 [186 Pac. 380]; *Riley* v. *Forbes, supra.*) We apprehend that the question now presented would not have arisen if it had not been for the enactment of the budget amendment of 1922 and the budget bill in 1923, the effect of which will next be considered.

The budget amendment to the constitution requires the Governor to submit to the legislature a budget containing a complete plan and itemized statement of all proposed expenditures of the state provided by existing law or recommended by him "of all its institutions, departments, boards, bureaus, commissions, officers, employees and other agencies, and of all estimated revenues," and to submit with the budget an appropriation bill covering the proposed expenditures. The budget bill enacted pursuant to the constitutional amendment contains an appropriation relating to the State Board of Pilot Commissioners in the following language: "For salaries of employees of state board of pilot commissioners, two thousand four hundred dollars. For

support, state board of pilot commissioners, one thousand one hundred dollars." (Stats. 1923, p. 247.) The budget bill contains the following language relative to the effect of appropriations therein contained on existing statutory provisions for items of salary or support included in the act: "In all cases in which statutory provisions or appropriations have been made for items of salary or of support included in this act the amount herein appropriated shall govern, and such other appropriations shall not be deemed in addition thereto," and it is contended by petitioner that inasmuch as the legislature has made the appropriation hereinabove referred to, all authority for expenditure for salaries and expenses provided for by said section 2460 has been abrogated. This contention is not well taken unless a repeal of said section, either expressly or by necessary implication, has been accomplished.

[4] It is not urged, and, of course, could not be properly contended, that an express repeal has taken place. It is insisted, however, that there is such an irreconcilable conflict between the budget bill and section 2460 of the Political Code as to effect a repeal of the latter by implication. This contention cannot be sustained. The effect of the budget amendment and the provisions of the budget bill on certain existing statutes providing for the disposition of moneys collected and disbursed under the authority of such statutes has been construed by this court in numerous so-called "budget cases" (*Railroad Com.* v. *Riley,* 192 Cal. 54 [218 Pac. 415]; *Keiser* v. *State Board of Control,* 192 Cal. 129 [218 Pac. 1016]; *Jamme* v. *Riley,* 192 Cal. 125 [218 Pac. 578]; *Western Shore Lumber Co.* v. *Riley,* 192 Cal. 144 [218 Pac. 761]; *Board of Osteopathic Examiners* v. *Riley,* 192 Cal. 158 [218 Pac. 1018]; *Riley* v. *Forbes, supra*).

It was held in *Railroad Com.* v. *Riley, supra,* that the budget constitutional amendment did not repeal by implication any prior appropriation bill validly enacted by a previous legislature, and that the budget bill did not operate as an implied repeal of all appropriations provided for by statutes preceding the budget bill nor do away with all special funds and convert such funds into a part of the general funds of the state. This construction of the constitutional amendment and of the budget bill was followed and approved in the other budget cases above cited.

[5]   It should be noted that section 2460 of the Political Code is not a measure appropriating funds in the state treasury not otherwise appropriated, nor does it create a special fund in the state treasury applicable to the purposes therein contemplated. It does, however, constitute statutory authority for the collection and disbursement of funds over which the legislature has control. By its authority the Board of Pilot Commissioners receives the money direct from the pilots and disburses the same in paying the salaries of the secretary and treasurer of the board, in defraying the necessary expenses of the board and as compensation to the members of the board for official services rendered, and is in effect a "statutory provision" for items of salary and support as contemplated by section 1 of the budget bill. It will also be noted that the appropriations in the budget bill make no provision for the item of salary or other compensation to members of the Board of Pilot Commissioners for official services rendered, and it is impossible to segregate the moneys which the board is authorized to collect and disburse under said section 2460 so as to determine what portion is for compensation to the members and what portion is to be applied to the salaries of employees and incidental expenses, for the reason that the revenues of the board are dependent upon pilotage collected and are not subject to definite ascertainment. The salaries of employees of the board and incidental expenses must first be met, and the members of the board receive for their compensation only the residue. An examination of the appropriations in the budget bill for the various departments of the state government discloses that a distinction is made between items for salary or compensation to members of boards and other officers and expenditures otherwise required for conducting the official business of the state departments. Whenever an appropriation is intended as compensation to the members of a board or other officers it is so designated under the head of "salaries." Other items appear under the heading "support." [6]   The sole items mentioned in connection with the respondent board are for "salaries of employees" of the board and for "support." It cannot be assumed that the legislature intended to deny compensation to the members of the respondent board as provided for in said section 2460 of the Political Code. The case of *State* v. *Jorgensen,* 31 N. D. 563 [154 N. W. 525], involved the

effect of an appropriation for salaries of tax commissioners in the budget bill of 1915 of the state of North Dakota on a prior legislative enactment fixing the salaries of such officials at a specified amount. The budget item provided for the salary of but one member, whereas the prior statute provided for a salary for each of the three members of the board. The court decided that it could not be concluded that the legislature in the enactment of the budget bill intended to deprive the other two members of the board of all compensation and held the appropriation as made an inadvertence and a nullity. So here, the budget bill having made no provision for compensation of the members of the respondent board, it cannot be assumed in the absence of language evidencing the purpose so to do, that the legislature intended to deprive the members of the board of compensation for official services rendered. It is also apparent that the situation here disclosed is one contemplated at least in part by the saving clause included in the budget bill wherein it is provided in section 1: "Appropriations for purposes not otherwise provided for herein which have been heretofore made by any provision of the constitution or of any existing statute shall not be affected by this act but shall continue to be governed by the constitutional or statutory provision applicable thereto." All of the purposes of section 2460 of the Political Code, particularly that portion relating to compensation to members of the board for official services rendered, are "not otherwise provided for" in the budget bill. [7] We think it clear from an inspection of the budget bill not only that appropriations in the strict sense under existing statutes, but also that moneys collected under existing statutes, should be disbursed under the provisions of those statutes when not otherwise effectively provided for in the budget bill.

[8] Inasmuch as the attempted appropriation for the respondent board is ineffectual to cover the items provided for in said section 2460, and as said section has not been repealed, it would follow that the respondent board would continue to operate under said section 2460 until otherwise provided by the legislature.

The peremptory writ is denied.

Lennon, J., Richards, J., Seawell, J., Lawlor, J., Langdon, J., *pro tem.*, and Myers, C. J., concurred.