[Civ. No. 3623. Third Appellate District.—September 25, 1928.]

W. A. GODWARD, Petitioner, v. THE BOARD OF TRUSTEES OF MARIPOSA COUNTY UNION HIGH SCHOOL et al., Respondents.

F. M. Ostrander and Stephen P. Galvin for Petitioner.

Louis T. Milburn, District Attorney, for Respondents.

FINCH, P. J.—This is an original application for a writ of mandate to compel the respondents to reinstate the petitioner as principal and teacher of the Mariposa County Union High School. October 12, 1926, the respondent board adopted a motion to employ the petitioner ''for a period of three years, beginning September 13th, 1926, and ending June 30, 1929.'' He thereafter acted as principal of the school and teacher of algebra, geometry, and physics until the close of the term ending in May, 1928. During the same period five other teachers were continuously employed in the school. June 9, 1928, the board notified the petitioner that his services were no longer required.

 The only question to be considered is whether the Board of Trustees had authority to employ the petitioner for a longer term than one year. Prior to 1911 the power to employ a principal was included in the general authorization to employ teachers. Section 1617 of the Political Code, as amended in 1881, provided:

''The powers and duties of trustees of school districts, and of boards of education in cities, are as follows: . . . Seventh—To employ the teachers, janitors, and employees of schools; . . . provided, that no board of trustees shall enter into any contract with such employees to extend beyond the thirtieth day of June next ensuing.'' (Stats. 1881, p. 41.) In *Kennedy* v. *Board of Education,* 82 Cal. 483, 489 [22 Pac. 1042], it is said: ''This section contains no limitation as to the time for which a board of education in a city may employ a teacher. There is such a limitation, but it is confined in terms to boards of trustees.'' Section 1617 was amended in 1889, 1891, 1893, 1906, and 1909, but no material change was made in the foregoing provisions. In 1911 the seventh subdivision of section 1617 was amended to read as follows:

''(a) To employ a principal for each school under their control, and in schools employing eight teachers or more, they may employ a supervising principal for one or more schools under their control, and in each city school district governed by a city board of education to employ a city superintendent of schools and, when necessary, deputy or assistant city superintendent of schools; . . . provided, that any supervising principal, or city superintendent, or deputy,

or assistant city superintendent, who shall be employed after the passage of this act, may be employed for four years.

"(b) To employ the teachers; . . . also to employ janitors and other employees of the school; . . . provided, that no board of trustees shall enter into any contract with such employees to extend beyond the close of the next ensuing school year; except that teachers may be elected on or after June first for the next ensuing school year, and each teacher so elected shall be deemed re-elected from year to year thereafter unless the governing body of the school district shall on or before the tenth day of June give notice in writing to such teacher that his services will not be required for the ensuing school year." (Stats. 1911, p. 1362.)

Section 1617 was again amended in 1913, but no material changes were made in the parts quoted. In 1917 the provisions of section 1617 were amended and re-enacted as section 1609, reading in part as follows:

"Boards of school trustees and city boards of education shall have power, and it shall be their duty:

"First—To employ a principal for each school under their control, and they may employ a district superintendent for one or more schools employing eight teachers or more under their control. In each city school district governed by a city board of education, such board may employ a city superintendent of schools and such deputy or assistant city superintendents as it may deem necessary. . . . Any deputy city superintendent of schools, or assistant city superintendent of schools, or district superintendent may be elected for a term of four years.

"Second—To employ teachers; . . . also to employ janitors and other employees of the school; . . . provided, that no board shall enter into any contract with such employees to extend beyond the close of the next ensuing school year; except that teachers may be elected on or after June first for the next ensuing school year, and each teacher so elected shall be deemed re-elected from year to year thereafter unless the governing body of the school district shall on or before the tenth day of June give notice in writing to such teacher that his services will not be required for the ensuing school year." (Stats. 1917, p. 737.) Section 1609

was amended in 1921 and again in 1927, but the first sub-division thereof has not been changed, and, while the phraseology of the second subdivision has been changed, the foregoing provisions thereof have been retained. Section 1793 provides that "city superintendents of public schools, elected by city boards of education shall be elected for a term of four years." Section 1741 invests high school boards with the same powers as those of school districts.

From the foregoing it clearly appears that prior to 1911 high school trustees had no authority to employ a principal for a term longer than one year. At all times since 1911 either subdivision *a* of section 1617 of the first subdivision of section 1609 has provided for the employment of princi-pals, supervising principals or district superintendents, city superintendents, and deputy and assistant superintendents, and, without further mention of principals, has, specifically, provided that all the others enumerated may be employed for terms of four years. Applying the maxim *"expressio unius est exclusio alterius,"* it does not appear that it was the intention to authorize the employment of a principal by the trustees of a school district for a longer term than one year, the maximum term authorized by the law prior to the amendment of 1911.

The state department of education has at all times, both before and after the amendment of 1911, construed the various provisions quoted as authorizing school trustees to enter into contracts employing principals for terms of only one year. It must be presumed that this long-continued practical construction was brought to the attention of the legislature and that, if contrary to the legislative intent, some of the numerous amendments mentioned would have made specific provision for the employment of a principal for a term of more than one year. While such contempo-raneous construction is not conclusive of the question under consideration it is entitled to great weight. (*Riley* v. *Forbes*, 193 Cal. 740, 745 [227 Pac. 768]; *Riley* v. *Thompson*, 193 Cal. 773, 778 [227 Pac. 772].)

It appears from the agreed statement of facts that the petitioner was employed as teacher as well as principal. It clearly appears from a mere reading of the statutory provisions quoted that school trustees are not authorized to employ teachers for terms of more than one year.

Viewed ·from any standpoint, the employment of the petitioner for a term of three years was unauthorized ʰy the law.

The petition is denied.

Plummer, J., and Hart, J., concurred.