[S. F. No. 16854.   In Bank.   Aug. 18, 1944.]

WHITCOMB HOTEL, INC. (a Corporation) et al., Petitioners, v. CALIFORNIA EMPLOYMENT COMMISSION et al., Respondents; FERNANDO R. NIDOY et al., Interveners and Respondents.

Brobeck, Phleger & Harrison, Gregory A. Harrison and Richard Ernst for Petitioners.

Robert W. Kenny, Attorney General, John J. Dailey, Deputy Attorney General, Forrest M. Hill, Gladstein, Grossman, Margolis & Sawyer, Ben Margolis, William Murrish, Gladstein, Grossman, Sawyer & Edises, Aubrey Grossman and Richard Gladstein for Respondents.

Clarence E. Todd and Charles P. Scully as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—In this proceeding the operators of the Whitcomb Hotel and of the St. Francis Hotel in San Francisco seek a writ of mandamus to compel the California Employment Commission to set aside its order granting unemployment insurance benefits to two of their former employees, Fernando R. Nidoy and Betty Anderson, corespondents in this action, and to restrain the commission from charging petitioners' accounts with benefits paid pursuant to

that order. Nidoy had been employed as a dishwasher at the Whitcomb Hotel, and Betty Anderson as a maid at the St. Francis Hotel. Both lost their employment but were subsequently offered reemployment in their usual occupations at the Whitcomb Hotel. These offers were made through the district public employment office and were in keeping with a policy adopted by the members of the Hotel Employers' Association of San Francisco, to which this hotel belonged, of offering available work to any former employees who recently lost their work in the member hotels. The object of this policy was to stabilize employment, improve working conditions, and minimize the members' unemployment insurance contributions. Both claimants refused to accept the proffered employment, whereupon the claims deputy of the commission ruled that they were disqualified for benefits under section 56(b) of the California Unemployment Insurance Act (Stats. 1935, ch. 352, as amended; Deering's Gen. Laws, 1937, Act 8780d), on the ground that they had refused to accept offers of suitable employment, but limited their disqualification to four weeks in accord with the commission's Rule 56.1. These decisions were affirmed by the Appeals Bureau of the commission. The commission, however, reversed the rulings and awarded claimants benefits for the full period of unemployment on the ground that under the collective bargaining contract in effect between the hotels and the unions, offers of employment could be made only through the union.

In its return to the writ, the commission concedes that it misinterpreted the collective bargaining contract, that the agreement did not require all offers of employment to be made through the union, and that the claimants are therefore subject to disqualification for refusing an offer of suitable employment without good cause. It alleges, however, that the maximum penalty for such refusal under the provisions of Rule 56.1, then in effect, was a four-week disqualification, and contends that it has on its own motion removed all charges against the employers for such period.

The sole issue on the merits of the case involves the validity of Rule 56.1, which limits to a specific period the disqualification imposed by section 56(b) of the act. Section 56 of the act, under which the claimants herein were admittedly dis-

qualified, provides that: "An individual is not eligible for benefits for unemployment, and no such benefit shall be payable to him under any of the following conditions: . . . (b) If without good cause he has refused to accept suitable employment when offered to him, or failed to apply for suitable employment when notified by the District Public Employment Office." Rule 56.1, as adopted by the commission and in effect at the time here in question, restated the statute and in addition provided that: "In pursuance of its authority to promulgate rules and regulations for the administration of the Act, the Commission hereby provides that an individual shall be disqualified from receiving benefits if it finds that he has failed or refused, without good cause, either to apply for available, suitable work when so directed by a public employment office of the Department of Employment or to accept suitable work when offered by any employing unit or by any public employment office of said Department. Such disqualification shall continue for the week in which such failure or refusal occurred, and for not more than three weeks which immediately follow such week as determined by the Commission according to the circumstances in each case." The validity of this rule depends upon whether the commission was empowered to adopt it, and if so, whether the rule is reasonable.

The commission contends that in adopting Rule 56.1 it exercised the power given it by section 90 of the act to adopt "rules and regulations which to it seem necessary and suitable to carry out the provisions of this act" (2 Deering's Gen. Laws, 1937, Act 8780d, § 90(a)). In its view section 56(b) is ambiguous because it fails to specify a definite period of disqualification. The commission contends that a fixed period is essential to proper administration of the act and that its construction of the section should be given great weight by the court. It contends that in any event its interpretation of the act as embodied in Rule 56.1 received the approval of the Legislature in 1939 by the reenactment of section 56(b) without change after Rule 56.1 was already in effect.

The construction of a statute by the officials charged with its administration must be given great weight, for their "substantially contemporaneous expressions of opinion are

highly relevant and material evidence of the probable general understanding of the times and of the opinions of men who probably were active in the drafting of the statute." (*White* v. *Winchester Country Club*, 315 U.S. 32, 41 [62 S.Ct. 425, 86 L.Ed. 619] ; *Fawcus Machine Co.* v. *United States*, 282 U.S. 375, 378 [51 S.Ct. 144, 75 L.Ed. 397] ; *Riley* v. *Thompson*, 193 Cal. 773, 778 [227 P. 772] ; *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 643 [122 P.2d 526] ; *County of Los Angeles* v. *Superior Court*, 17 Cal.2d 707, 712 [112 P.2d 10] ; see, Griswold, *A Summary of the Regulations Problem*, 54 Harv.L.Rev. 398, 405; 27 Cal.L.Rev. 578; 23 Cal.Jur. 776.) When an administrative interpretation is of long standing and has remained uniform, it is likely that numerous transactions have been entered into in reliance thereon, and it could be invalidated only at the cost of major readjustments and extensive litigation. (*Helvering* v. *Griffiths*, 318 U.S. 371, 403 [63 S.Ct. 636, 87 L.Ed. 843] ; *United States* v. *Hill*, 120 U.S. 169, 182 [7 S.Ct. 510, 30 L.Ed. 627] ; see *County of Los Angeles* v. *Superior Court*, 17 Cal.2d 707, 712 [112 P. 2d 10] ; *Hoyt* v. *Board of Civil Service Commissioners*, 21 Cal.2d 399, 402 [132 P.2d 804].) Whatever the force of administrative construction, however, final responsibility for the interpretation of the law rests with the courts. "At most administrative practice is a weight in the scale, to be considered but not to be inevitably followed. . . . While we are of course bound to weigh seriously such rulings, they are never conclusive." (*F. W. Woolworth Co.* v. *United States*, 91 F.2d 973, 976.) ▮ An administrative officer may not make a rule or regulation that alters or enlarges the terms of a legislative enactment. (*California Drive-In Restaurant Assn.* v. *Clark*, 22 Cal.2d 287, 294 [140 P.2d 657, 147 A.L.R. 1028] ; *Bodinson Mfg. Co.* v. *California Employment Com.*, 17 Cal.2d 321, 326 [109 P.2d 935] ; *Boone* v. *Kingsbury*, 206 Cal. 148, 161 [273 P. 797] ; *Bank of Italy* v. *Johnson*, 200 Cal. 1, 21 [251 P. 784] ; *Hodge* v. *McCall*, 185 Cal. 330, 334 [197 P. 86] ; *Manhattan General Equipment Co.* v. *Commissioner of Int. Rev.*, 297 U.S. 129 [56 S.Ct. 397, 80 L.Ed. 528] ; *Montgomery* v. *Board of Administration*, 34 Cal.App.2d 514, 521 [93 P.2d 1046, 94 A.L.R. 610].) ▮ Moreover, an erroneous administrative construction does not govern the interpretation of a statute, even though the statute is subsequently reenacted

without change. (*Biddle* v. *Commissioner of Internal Revenue,* 302 U.S. 573, 582 [58 S.Ct. 379, 82 L.Ed. 431] ; *Houghton* v. *Payne,* 194 U.S. 88 [24 S.Ct. 590, 48 L.Ed. 888] ; *Iselin* v. *United States,* 270 U.S. 245, 251 [46 S.Ct. 248, 70 L.Ed. 566] ; *Louisville & N. R. Co.* v. *United States,* 282 U.S. 740, 757 [51 S.Ct. 297, 75 L.Ed. 672] ; *F. W. Woolworth Co.* v. *United States,* 91 F.2d 973, 976; *Pacfic Greyhound Lines* v. *Johnson,* 54 Cal.App.2d 297, 303 [129 P.2d 32] ; see *Helvering* v. *Wilshire Oil Co.,* 308 U.S. 90, 100 [60 S.Ct. 18, 84 L.Ed. 101] ; *Helvering* v *Hallock,* 309 U.S. 106, 119 [60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368] ; *Federal Comm. Com.* v. *Columbia Broadcasting System,* 311 U.S. 132, 137 [61 S.Ct. 152, 85 L.Ed. 87] ; Feller, *Addendum to the Regulations Problem,* 54 Harv.L.Rev. 1311, and articles there cited.)

In the present case Rule 56.1 was first adopted by the commission in 1938. It was amended twice to make minor changes in language, and again in 1942 to extend the maximum period of disqualification to six weeks. The commission's construction of section 56(b) has thus been neither uniform nor of long standing. Moreover, the section is not ambiguous, nor does it fail to indicate the extent of the disqualification. ■ The disqualification imposed upon a claimant who without good cause "has refused to accept suitable employment when offered to him, or failed to apply for suitable employment when notified by the district public employment office" is an absolute disqualification that necessarily extends throughout the period of his unemployment entailed by his refusal to accept suitable employment, and is terminated only by his subsequent employment. (Accord: 5 C.C.H. Unemployment Insurance Service 35,100, par. 1965.04 [N.Y.App.Bd.Dec. 830-39, 5/27/39].) The Unemployment Insurance Act was expressly intended to establish a system of unemployment insurance to provide benefits for "persons unemployed through no fault of their own, and to reduce involuntary unemployment. . . ." (Stats. 1939, ch. 564, § 2; Deering's Gen. Laws, 1939 Supp., Act 8780d, § 1.) The public policy of the State as thus declared by the Legislature was intended as a guide to the interpretation and application of the act. (*Ibid.*)

■ One who refuses suitable employment without good cause is not involuntarily unemployed through no fault of his own. He has no claim to benefits either at the time of his refusal or at any subsequent time until he again brings himself within

the provisions of the statute. (See 1 C.C.H. Unemployment Insurance Service 869, par. 1963.) Section 56(b) in excluding absolutely from benefits those who without good cause have demonstrated an unwillingness to work at suitable employment stands out in contrast to other sections of the act that impose limited disqualifications. Thus, section 56(a) disqualifies a person who leaves his work because of a trade dispute for the period during which he continues out of work by reason of the fact that the trade dispute is still in active progress in the establishment in which he was employed; and other sections at the time in question disqualified for a fixed number of weeks persons discharged for misconduct, persons who left their work voluntarily, and those who made wilful misstatements. (2 Deering's Gen. Laws, 1937, Act 8780(d), §§ 56(a), 55, 58(e); see, also, Stats. 1939, ch. 674, § 14; Deering's Gen. Laws, 1939 Supp., Act 8780d, § 58.) Had the Legislature intended the disqualification imposed by section 56(b) to be similarly limited, it would have expressly so provided. ■ Rule 56.1, which attempts to create such a limitation by an administrative ruling, conflicts with the statute and is void. (*Hodge* v. *McCall, supra; Manhattan General Equipment Co.* v. *Commissioner of Int. Rev.*, 297 U.S. 129, 134 [56 S.Ct. 397, 80 L.Ed. 528]; see *Bodinson Mfg. Co.* v. *California Employment Com.*, 17 Cal.2d 321, 326 [109 P.2d 935].) Even if the failure to limit the disqualification were an oversight on the part of the Legislature, the commission would have no power to remedy the omission. ■ The power given it to adopt rules and regulations (§ 90) is not a grant of legislative power (see 40 Columb. L. Rev. 252; cf. Deering's Gen. Laws, 1939 Supp., Act 8780(d), § 58(b)) and in promulgating such rules it may not alter or amend the statute or enlarge or impair its scope. (*Hodge* v. *McCall, supra; Bank of Italy* v. *Johnson*, 200 Cal. 1, 21 [251 P. 784]; *Manhattan General Equipment Co.* v. *Commissioner of Int. Rev., supra; Koshland* v. *Helvering*, 298 U.S. 441 [56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756]; *Iselin* v. *United States, supra*.) Since the commission was without power to adopt Rule 56.1, it is unnecessary to consider whether, if given such power, the provisions of the rule were reasonable.

The commission contends, however, that petitioners are not entitled to the writ because they have failed to exhaust

their administrative remedies under section 41.1. This contention was decided adversely in *Matson Terminals, Inc.* v. *California Employment Com., ante,* p. 695 [151 P.2d 202]. It contends further that since all the benefits herein involved have been paid, the only question is whether the charges made to the employers' accounts should be removed, and that since the employers will have the opportunity to protest these charges in other proceedings, they have an adequate remedy and there is therefore no need for the issuance of the writ in the present case. The propriety of the payment of benefits, however, is properly challenged by an employer in proceedings under section 67 and by a petition for a writ of mandamus from the determination of the commission in such proceedings. (See *Matson Terminals, Inc.* v. *California Employment Com., ante,* p. 695 [151 P.2d 202]; *W. R. Grace & Co.* v. *California Employment Com., ante,* p. 720 [151 P.2d 215].) An employer's remedy thereunder is distinct from that afforded by section 45.10 and 41.1, and the commission may not deprive him of it by the expedient of paying the benefits before the writ is obtained. ■ The statute itself provides that in certain cases payment shall be made irrespective of a subsequent appeal (§ 67) and such payment does not preclude issuance of the writ. (See *Bodinson Mfg. Co.* v. *California Emp. Com., supra,* at pp. 330-331; *Matson Terminals, Inc.* v. *California Emp. Com., supra.*)

Let a peremptory writ of mandamus issue ordering the California Employment Commission to set aside its order granting unemployment insurance benefits to the corespondents, and to refrain from charging petitioners' accounts with any benefits paid pursuant to that award.

Gibson, C. J., Shenk, J., Curtis, J., and Edmonds, J., concurred.

CARTER, J.—I concur in the conclusion reached in the majority opinion for the reason stated in my concurring opinion in *Mark Hopkins, Inc.* v. *California Emp. Co.,* this day filed, *ante,* p. 752 [151 P.2d 233].

Schauer, J., concurred.

Intervener's petition for a rehearing was denied September 13, 1944. Carter, J., and Schauer, J., voted for a rehearing.