[Civ. No. 20914. First Dist., Div. Three. June 19, 1963.]

JOHN M. WOODS, Plaintiff and Respondent, v. WILLIAM KILPATRICK et al., Defendants and Appellants.

Thomas M. O'Connor, City Attorney, and R. J. Reynolds, Deputy City Attorney, for Defendants and Appellants.

Molly H. Minudri, for Plaintiff and Respondent.

DRAPER, P. J.—Peremptory writ of mandate directed appellants, the members of the San Francisco Civil Service Commission, to reinstate respondent employee to a rank from which he had been reduced. This appeal. followed.

Respondent Woods, a city employee, was named in a list of eligibles for promotion to the next higher classification (F410c Engineer [Electrical]). A vacancy occurred, the man next above Woods on the promotional list waived his right, and Woods was promoted. Five months later, a "retrenchment order" eliminated the position, and Woods was reduced to his former rank. The higher position was later reestablished, and the higher man on the promotional list withdrew his waiver of promotion, as the civil service regu-

lations permitted him to do. He, rather than Woods, was promoted to the restored position May 26, 1958.

Woods learned of these facts about a year later. Civil Service Association of San Francisco, a private organization, wrote to the commission in October 1959 asking "clarification of this problem" and "a ruling on Mr. Woods' status." The commission determined that Woods was not entitled to reinstatement because he had not served the full probationary period of six months in the F410c position. No request for reconsideration was filed by the association. Early in 1960, Woods' attorney wrote to the commission demanding Woods' reinstatement as of May 1958 and requested a hearing. Ruling was adverse to Woods on the ground that request for reconsideration had not been made within 30 days of the "ruling" of October 1959. Timely request for reconsideration was then made and denied. Meanwhile, on July 1, 1959, Woods had been appointed to a new vacancy in the F410c classification, and he still holds that rank.

In 1960, an examination for promotion to a still higher classification was given. Two years' service in the F410c rank was required. With his prior service, Woods fell slightly short of this requirement. If he had been restored to that rank in May 1958, he would have substantially more than the required two years.

The trial court ordered his reinstatement as of May 26, 1958, thus establishing his eligibility for the promotional examination of 1960, and also awarded him $531 as pay he should have received in the F410c position from May 26, 1958 to July 1, 1959. (The pleadings and proof do not authorize mandate to compel this payment (*Tevis* v. *City & County of San Francisco*, 43 Cal.2d 190, 200 [272 P.2d 757]). The record contains no peremptory writ. The judgment is ambiguous and we construe its reference to this sum as a judgment for money, and not as a writ directing payment.)

The principal question is whether Woods' service of five months in the F410c class entitled him to preference for return to that position when it was reestablished in May 1958, or whether, as appellants contend, he must have served the full six months' probationary period in that post to be entitled to such preference. The issue is one of construction of sections 4 and 5 of rule 26, Rules of the Civil Service Commission.

Section 4 provides: "Whenever . . . because of retrenchment, a person becomes separated from a position he has

held through a promotive appointment, . . . [he] shall, for a period of five years thereafter, be preferred for reinstatement to the position from which he was reduced. . . ."

Section 5: "Any appointee who has served his probationary period in a permanent position . . . who has been laid off . . . for purposes of retrenchment, shall, during such layoff, be termed a holdover and . . . shall be returned to duty in such classification . . . when a vacancy either of a temporary or permanent character exists, . . . [T]he holdover status" shall cease after five years.

Appellant concedes that Woods held his F410c position "through a promotive appointment." Thus he is brought within section 4, which on its face does not require service of the probationary period as a condition to preference in reinstatement. Appellant argues that sections 4 and 5 must be· read together, thus applying the probationary service requirement to both sections. We cannot agree.

By its terms, section 4 applies to one whose position "is held through a promotive appointment," while section 5, in failing to specify its application, appears to apply to one whose appointment was not promotive. Section 4 describes the displaced employee as one "reduced in rank," whereas section 5 refers to one "who has been laid off," indicating one removed from the first civil service post he has held. To construe section 5 as applying both to promoted and initial appointees would render section 4 mere surplusage, in violation of a cardinal rule of construction (45 Cal.Jur.2d 626-627). To limit section 4 by adding to it the phrase "who has served his probationary period" would be to rewrite that section, which we have no authority to do.

█ It is urged that the commission has long construed the rules in the manner for which appellants here contend. But, while longstanding administrative construction is entitled to great weight, it does not govern the courts when plainly erroneous (cf. *Whitcomb Hotel, Inc.* v. *California Emp. Com.*, 24 Cal.2d 753 [151 P.2d 233, 155 A.L.R. 405] ; *Douglas Aircraft Co.* v. *California Unemp. Ins. Appeals Board,* 180 Cal.App.2d 636, 642 [4 Cal.Rptr. 723] ). Sections 4 and 5, the only portions of rule 26 in the record before us, are unambiguous, and the construction reached by the trial court is the only one permitted by their language.

█ Appellants also urge that Woods cannot seek judicial relief because he has failed to exhaust his administrative remedies. The contention is that he should have applied for

reconsideration by the commission when the ruling sought by Civil Service Association of San Francisco was adverse to him (*Alexander* v. *State Personnel Board,* 22 Cal.2d 198 [137 P.2d 433]). The only rule on this subject in the record here (portion of rule 41, § 1) limits the period for filing such an application to 30 days "after the original decision" by the commission. In the absence of some definition of "original decision," there is difficulty in determining whether the commission's 1959 letter is within the rule. It is clear, however, that the request for clarification was filed by a private association, rather than by Woods or his counsel. Determinative, therefore, is the failure of the rule before us to make any provision for notice to Woods, and the absence of any showing that he had any knowledge of the commission's 1959 ruling until its 1960 reply to his attorney's demand for his reinstatement. At that time, he made timely request for reconsideration. We cannot upset the finding of the trial court that Woods had not failed to exhaust his administrative remedies.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.