[No. C027852. Third Dist. Jan. 13, 1999.]

KINGS REHABILITATION CENTER, INC., Plaintiff and Appellant, v. BRENDA PREMO, as Director, etc., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Background and parts I. and II. of the Discussion.

**COUNSEL**

Law offices of David Rosenberg, David Rosenberg and Chad Carlock for Plaintiff and Appellant.

Eisen & Johnston, Jay-Allen Eisen and Marian M. Johnston for California Rehabilitation Association as Amicus Curiae on behalf of Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Charlton G. Holland III, Assistant Attorney General, Frank S. Furtek and Mateo Munoz, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**MORRISON, J.**—In this dispute over cuts to reimbursement rates, plaintiff Kings Rehabilitation Center, Inc. (Kings) appeals from a judgment denying its petition for writ of mandate and declaratory relief. In the published portion of this opinion we uphold the practice of "incorporation by reference" of materials into published regulations. We address other points in the unpublished portion of the opinion. We shall affirm.

BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III.  *Incorporation by Reference.*

The Department of Rehabilitation (the Department) administers "habilitation" programs and reimburses providers of "work-activity programs," among others. (See Welf. & Inst. Code, §§ 19350, 19352, subd. (e), 19355.) In aid of its mission, the Department issued a ratesetting manual, the Habilitation Services Ratesetting Manual (the Manual), which includes formulas for reimbursing providers. The Manual has not, itself, been promulgated as a published regulation.  ■  Kings maintains that the Manual is an illegal "underground regulation" in violation of the Administrative Procedures Act (Gov. Code, § 11340 et seq. (APA)). Kings makes a facial attack on the process of incorporation by reference, which it views as antithetical to the letter and spirit of the APA. We reject ·the claim.

The APA is partly designed to eliminate the use of "underground" regulations; rules which only the government knows about. If a policy or procedure falls within the definition of a "regulation" within the meaning of the APA, the promulgating agency must comply with the procedures for formalizing such regulation, which include public notice and approval by the Office of Administrative Law (OAL). Failure to comply with the APA nullifies the rule. (Gov. Code, § 11350, subd. (a); *Armistead* v. *State Personnel Board* (1978) 22 Cal.3d 198, 204 [149 Cal.Rptr. 1, 583 P.2d 744].)

---

*See footnote, *ante*, page 215.

The Department adopted a regulation as follows: "The Habilitation Services Ratesetting Manual dated July 1, 1983, and revised July, 1996 (hereinafter called 'the Ratesetting Manual') is regulations as defined by Government Code Section 11342 [subdivision] (g), and is hereby incorporated by reference and made a part of these regulations. Persons desiring copies . . . may purchase them from [the Department of General Services] at a price covering the cost of printing." (Cal. Code Regs., tit. 9, § 7337.) Kings challenges the use of incorporated material, not the process by which the regulation was adopted.

OAL is given the broad authority to "adopt, amend, or repeal regulations for the purpose of carrying out" the APA. (Gov. Code, § 11342.4.) A regulation promulgated by OAL, set forth in full in the appendix, states in part: "Where a regulation which incorporates a document by reference is approved by OAL and filed with the Secretary of State, the document so incorporated shall be deemed to be a regulation subject to all provisions of the APA." (Cal. Code Regs., tit. 1, § 20, subd. (e).)

The OAL regulation is not a statute, but it is a regulation approving the practice of incorporation by reference and it was promulgated by the very agency which regulates regulations. It is entitled to deference. (*Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.* (1944) 24 Cal.2d 753, 756-757 [151 P.2d 233, 155 A.L.R. 405].)

The fact that no statute explicitly authorizes the practice of incorporation by reference does not mean it is illegal; no statute specifically forbids the practice, either. Further, at least one statute assumes the practice is lawful. Government Code section 11344.6 provides in relevant part that: "The courts shall take judicial notice of the contents of each regulation which is printed or which is incorporated by appropriate reference into the California Code of Regulations as compiled by the office." There is no reason to judicially notice illegal regulations, therefore we assume the Legislature has agreed with OAL's determination that incorporation by reference can, in some cases, further the purposes of the APA. Kings points to the use of the word "appropriate" as a qualifier. Kings fails to explain how the manner of incorporation herein was "inappropriate," and does not refute the import of this statute, which is that the Legislature expects *some* regulations will be incorporated by reference.

We disagree with the claim that the practice does not "carry out the provisions" of the APA within the meaning of Government Code section 11342.4. There is nothing "underground or covert" about the process, as employed herein. Anybody who wants to learn about ratesetting under this

program can consult the Code of Regulations index, find the regulation at issue, then write to the address listed and obtain a copy of the Manual at the cost of printing.

Kings complains that members of the public must purchase the Manual. This unheaded argument is in a footnote (Cal. Rules of Court, rule 15(a); *Landa* v. *Steinberg* (1932) 126 Cal.App. 324, 325 [14 P.2d 532] [waived]), no authority or analysis is given (*Diamond Springs Lime Co.* v. *American River Constructors* (1971) 16 Cal.App.3d 581, 608 [94 Cal.Rptr. 200] [waived]) and, as stated above, Kings has launched a *facial* challenge to the regulation. Kings states that the Department sends the Manual to service providers.

There are many agencies which of necessity establish comprehensive manuals, technical standards and so forth, often of interest to only a select few. The thousands, if not hundreds of thousands, of pages represented by these manuals would only further deluge the subscribers to the Code of Regulations, with no benefit to them or the public at large. Material may be incorporated by reference only if "it would be cumbersome, unduly expensive, or otherwise impractical to publish the document in the California Code of Regulations." (Cal. Code Regs., tit. 1, § 20, subd. (c)(1).) That reflects good sense.

There is no evidence that the practice of incorporation by reference has been or can be used to "hide" a regulation. OAL exercises its function to scrutinize proposed regulations and sometimes rejects them when the rules regarding incorporation of material by reference are not followed. (See, e.g., Fellmeth, 15 Cal. Reg. L. Rptr., *The PUC's Electricity Deregulation Proposals: Point/Counterpoint* (Spring/Summer 1995), p. 19 [failure to incorporate necessary form]; (Winter 1995) 15 Cal. Reg. L. Rptr., p. 114 [disapproval of incorporation of statistical analysis plan]; (Fall 1994) 14 Cal. Reg. L. Rptr., p. 42 [failure to identify incorporated forms]; (Winter 1994) 14 Cal. Reg. L. Rptr., p. 102 [failure to properly incorporate plan]; cf. (Winter 1994) 14 Cal. Reg. L. Rptr., p. 140 [approval of incorporation of technical standards].) Thus, OAL exercises appropriate control over the practice.

In further answer to the view that "incorporation by reference" is antithetical to the concept of published regulations, we observe that the federal analog to the APA explicitly endorses the practice: "Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. For the purpose of this paragraph, matter reasonably available to the class of persons

affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register." (5 U.S.C.A. § 552(a)(1); see 1 C.F.R. § 51.1 et seq. (1997); see also, e.g., *National Ass'n of Con. Vets.* v. *Secretary of Defense* (D.D.C. 1979) 487 F.Supp. 192, 201 [". . . the Navy currently makes these guidelines publicly available; it also incorporates them, by reference, in published regulations"].) We recognize that there is no similar explicit statute in the California APA, but the point is that the process of incorporation by reference is not inherently inimical.

Kings contends that the Manual, if properly incorporated by reference, must be frozen as of the stated date, namely July 1996. Kings alleges that revisions to the Manual have been made. This would present an "as applied" challenge, which Kings disavows. Further, the only support cited is a document entitled "Fiscal Year 1996/97 Budget Impact Work Activity and Related Group SE Rates," which the Attorney General correctly points out is not a revision to the Manual but an internal memorandum describing the proposed implementation of the 1996-1997 Budget Act.

Finally, Kings asserts, correctly, that the Department can change the Manual and "reincorporate" the Manual by means of a new regulation. We fail to see what this adds to the issue, because we find the practice of incorporation by reference to be lawful. One would find the new regulation and obtain the new Manual as easily as the old. Were the Department to change the Manual absent proper procedures, that would present a different issue. (See *Olive Proration etc. Com.* v. *Agri. etc. Com.* (1941) 17 Cal.2d 204, 209-210 [109 P.2d 918].)

DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Blease, J., concurred.

APPENDIX

Title 1, section 20 of the California Code of Regulations provides in full:

"(a) 'Incorporation by reference' means the method whereby a regulation printed in the California Code of Regulations makes provisions of another document part of that regulation by reference to the other document.

"(b) Material proposed for 'incorporation by reference' shall be reviewed in accordance with procedures and standards for a regulation published in the California Code of Regulations. Except as otherwise specified in section 11 of these regulations, OAL shall not review material proposed for 'incorporation by reference' for compliance with the applicable standards of Government Code section 11349.1 when a California statute or other applicable law specifically requires the adoption or enforcement of the incorporated material by the rulemaking agency.

"(c) An agency may 'incorporate by reference' only if the following conditions are met:

"(1) The agency demonstrates in the final statement of reasons that it would be cumbersome, unduly expensive, or otherwise impractical to publish the document in the California Code of Regulations.

"(2) The agency demonstrates in the final statement of reasons that the document was made available upon request directly from the agency, or was reasonably available to the affected public from a commonly known or specified source. In cases where the document was not available from a commonly known source and could not be obtained from the agency, the regulation shall specify how a copy of the document may be obtained.

"(3) The informative digest in the notice of proposed action clearly identifies the document to be incorporated by title and date of publication or issuance. If, in accordance with Government Code section 11346.8(c), the agency changes the originally proposed regulatory action or informative digest to include the incorporation of a document by reference, the document shall be clearly identified by title and date of publication or issuance in the notice required by section 44 of these regulations.

"(4) The regulation text states that the document is incorporated by reference and identifies the document by title and date of publication or issuance. Where an authorizing California statute or other applicable law requires the adoption or enforcement of the incorporated provisions of the

document as well as any subsequent amendments thereto, no specific date is required.

"(5) The regulation text specifies which portions of the document are being incorporated by reference.

"(d) If the document is a formal publication reasonably available from a commonly known or identified source, the agency need not provide six duplicate copies of the document under Government Code section 11343(c).

"(e) Where a regulation which incorporates a document by reference is approved by OAL and filed with the Secretary of State, the document so incorporated shall be deemed to be a regulation subject to all provisions of the APA."